PER CURIAM.
We have for consideration proposed new jury instructions for use in civil or criminal cases in which the services of an interpreter or translator are used.- We have jurisdiction. See art. V, § 2(a), Fla. Const.
These cases came to the Court as two separate reports, one proposing new jury instructions for criminal cases (SC05-1961), and the other proposing new jury instructions for civil cases (SC05-1999). We consolidate these cases.
BACKGROUND
In 2002, the Court authorized for publication and use several new and amended jury instructions proposed by the Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Criminal Committee). See Standard Jury Instructions in Criminal Cases-Submission 2001-1, 824 So.2d 881 (Fla.2002). Among the proposals was a new jury instruction governing the use of transcripts when a recorded conversation in English is introduced into evidence. The Court made several changes to the proposals based on some of the comments received but made no changes to the proposed instruction governing the use of transcripts, which became instruction 2.6. Id. at 900.
The Court referred concerns raised by two commentators to the Criminal Committee for consideration. One of these had suggested that a jury instruction governing the use of conversations recorded in a foreign language and transcripts of the English translations of those conversations was necessary. The comment cited to United States v. Valencia, 957 F.2d 1189 (5th Cir.), cert. denied, 506 U.S. 889, 113 S.Ct. 254, 121 L.Ed.2d 185 (1992), for the proposition that it is permissible for the English translation to be introduced into evidence while the foreign language recording is excluded.
The Court instructed the Criminal Committee to draft instructions for publication for comment. The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Civil Committee) was also asked to consider the issue and to submit proposed civil jury instructions.
On October 3, 2005, the Civil Committee filed Report No. 05-01, proposing new instructions for use in civil cases in which an interpreter or translator is used. The Civil Committee submitted two versions. One *1093 version instructed the jury to rely exclusively on the official English translation in their deliberations, and the other version instructed the jury about what to do in the event a juror disagrees with the official English interpretation. Both versions had a preliminary instruction; an instruction to be given immediately before a foreign language witness testifies explaining the need for an interpreter; an oath to be given to the interpreter; an instruction to be given after the interpreter and witness have been sworn but before the questioning of the witness begins; and a final instruction. The second version had one additional instruction that instructed bilingual or multilingual jurors about what to do if they questioned the accuracy of the English translation of the testimony. After submission, the proposed instructions were published for comment in The Florida Bar News. No comments were received.
On October 26, 2005, the Criminal Committee filed Report No. 2005-07, proposing five new instructions for use in criminal cases in which an interpreter or translator is used: (1) preliminary instructions (instruction 2.8); (2) instructions for use during trial (instruction 2.9); (3) instructions for use when a transcript of a recording in a foreign language is used and the accuracy of the transcript is not in dispute (instruction 2.10); (4) instructions for use when a transcript of a recording in a foreign language is used and the accuracy of the transcript is in dispute (instruction 2.11); and (5) closing instructions (instruction 2.12).
After submission, the proposed criminal instructions were published for comment in The Florida Bar News. One comment, from the Florida Association of Criminal Defense Lawyers (the FACDL), was received. The FACDL proposed three changes to the proposed instructions: (1) the paragraph instructing jurors about what to do if they disagreed with the English interpretation or translation should be included in all of the proposed instructions; (2) the word “may” should be changed to the word “must” in the paragraph instructing jurors to notify the court if they disagreed with the English interpretation or translation; and (3) jurors should be instructed to pass a note to the bailiff instead of raising their hands to alert the court to the fact that they disagreed with the English interpretation or translation. In its response, the Criminal Committee agreed with the FACDL that the paragraph should be added to all of the instructions. It suggested that “may” be replaced with “should” instead of “must.” It explained that it had opted to instruct jurors to raise their hands because it did not want to affect a judge’s discretion as to whether to allow jurors to take notes.
With regard to the instructions proposed by the Criminal Committee, we authorize the use and publication of instruction 2.12 (Closing Instructions) as this instruction was proposed, without change. We authorize the use and publication of instructions 2.8 (Preliminary Instructions), 2.9 (Instructions During Trial), and 2.10 (Transcript — Accuracy Not in Dispute), with minor revisions. In these instances, we add the paragraph instructing jurors to raise their hands to signal the court that they disagreed with the English interpretation or translation to all of the instructions and to change the word “may” to “should.”
We decline to authorize instruction 2.11 (Transcript — Accuracy in Dispute) for use and publication pending further study and reports from both the Criminal and Civil Committees. We are especially interested in the issue of whether the court or the jury should be responsible for deciding which translation of foreign language testimony is correct when the parties disagree.
*1094 We authorize, these same instructions, also excluding instruction 2.11, for publication and use in civil cases. However, the instructions will be numbered as shown in the appendix for inclusion in the published standard jury instructions in civil cases.
Upon consideration of the committees’ reports, the comments filed, and the arguments presented during oral argument, we hereby authorize the publication and use of the instructions as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions or contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the committees and are not necessarily indicative of the views of this Court as to their correctness or applicability.' The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and CANTERO, JJ., concur.
BELL, J., concurs in part and dissents in part with an opinion.