978 So.2d 802 (2008)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES  NO. 2007-02 AND STANDARD JURY INSTRUCTIONS IN CIVIL CASES REPORT RE: PROPOSED INSTRUCTION 2.11.
No. SC07-471.
Supreme Court of Florida.
March 20, 2008.
Honorable Terry David Terrell, Chair, Standard Jury Instructions in Criminal Cases Committee, First Judicial Circuit, Pensacola, FL, Scott D. Makar, Chair, Standard Jury Instructions in Civil Cases Committee, Office of Attorney General, Tallahassee, FL, Tracy Raffles Gunn, Vice-Chair, Standard Jury Instructions in Civil Cases Committee, Fowler, White, Boggs, and Banker, P.A., and Joseph H. Lang, Jr. of Carlton Fields, P.A., Tampa, FL, for Petitioner.
Jay Thomas, Second District Court of Appeal, Lakeland, FL, Responding with comments.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Criminal Committee) has filed a report proposing new Standard Jury Instruction 2.11 and asks that the Court authorize the proposed new standard instruction for publication and use. The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Civil Committee) filed a report recommending against the authorization of a standard civil instruction similar to the instruction proposed by the Criminal Committee. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In September 2006, we authorized for publication and use several new standard jury instructions for use in criminal and civil trials addressing the situation that arises when a taped conversation in a foreign language and a transcript of the English translation of the conversation are introduced at a trial. See In re: Standard Jury Instructions in Criminal Cases (No. 2005-7) & In re: Standard Jury Instructions in Civil Cases (No. 2005-01), 937 So.2d 1092 (Fla.2006). We declined to authorize at that time a standard jury instruction that had been proposed by the Criminal Committee for use when the parties dispute the accuracy of the transcript of the English translation of a conversation conducted in a foreign language. Instead, we asked the Criminal and Civil Committees to further consider the issue. Id. at 1093.
On March 9, 2007, the Criminal Committee submitted report number 2007-02 proposing new Standard Instruction 2.11. The proposed instruction is identical to the Standard Instruction 2.11 that the Criminal Committee had previously proposed in its report number 2005-7. The proposed instruction was published for comment in the April 30, 2007, edition of The Florida Bar News. No comments were received.
On March 26, 2007, the Civil Committee submitted its report, expressing the Civil Committee's position that an instruction identical or similar to instruction 2.11 is unnecessary in the civil context. The Civil Committee's position and a proposed instruction for use in civil trials (identical to Standard Instruction 2.11 proposed by the Criminal Committee) were published for comment in the July 15, 2007, edition of The Florida Bar News. Only one comment was received, to which the Civil Committee filed a response.
Upon consideration of the committees' reports, the comment filed, and the Civil Committee's response, we hereby authorize the publication and use of new standard jury instruction in criminal cases 2.11 and *803 new standard jury instruction in civil cases 1.13, as set forth in the appendix to this opinion. We believe that the new standard jury instruction in civil cases 1.13 is necessary to ensure that all jurors in civil cases consider the same evidence and that bilingual jurors do not become independent translators of a foreign language tape.
In authorizing these instructions, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.
The instructions as set forth in the appendix shall be effective when this opinion becomes final.[1]
It is so ordered.
LEWIS, C.J., and ANSTEAD and PARIENTE, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion, in which BELL, J., concurs.
QUINCE, J., concurs in part and dissents in part with an opinion, in which CANTERO, J., concurs.
WELLS, J., concurring in part and dissenting in part.
I concur with the adoption of Standard Criminal Jury Instruction 2.11, as recommended by the Supreme Court Committee on Standard Jury Instructions in Criminal Cases.
I dissent as to the adoption of Standard Civil Jury Instruction 1.13. I would follow the recommendation of the Supreme Court Committee on Standard Jury Instructions in Civil Cases.
BELL, J., concurs.
QUINCE, J., concurring in part and dissenting in part.
I agree with the majority that these instructions should be adopted and applied in both criminal and civil cases, I cannot agree, however, with the portion of instruction 2.11 that tells jurors not to rely on their own knowledge of a foreign language. I agree with some of the comments that were filed in this case which indicate that jurors are otherwise told to weigh evidence in light of their own knowledge and common sense. To ask a juror to set aside her or his own knowledge is asking for the impossible. Therefore, I would not adopt that portion of instruction 2.11.
CANTERO, J., concurs.

APPENDIX

Standard Jury Instruction for Use in Criminal Trials

2.11 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE (ACCURACY IN DISPUTE)
You are about to listen to a tape recording in [language used]. Each of you *804 has been given a transcript of the recording. The transcripts were provided to you by [the State] [the defendant] so that you could consider the content of the recordings. The transcript is an English translation of the foreign language tape recording.
Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

Comment
This instruction is appropriate immediately prior to the jury hearing a tape-recorded conversation in a foreign language if the accuracy of the translation is an issue. See, e.g., United States v. Jordan, 223 F.3d 676, 689 (7th Cir.2000). See also Seventh Circuit Federal Criminal Jury Instructions, § 3.18.

Standard Jury Instruction for Use in Civil Trials

1.13 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE (ACCURACY IN DISPUTE)
You are about to listen to a tape recording in [language used]. Each of you has been given a transcript of the recording. The transcripts were provided to you by [the plaintiff] [the defendant] so that you could consider the content of the recordings. The transcript is an English translation of the foreign language tape recording.
Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

Comment
This instruction is appropriate immediately prior to the jury hearing a tape-recorded conversation in a foreign language if the accuracy of the translation is an issue. See, e.g., United States v. Jordan, 223 F.3d 676, 689 (7th Cir.2000). See also Seventh Circuit Federal Criminal Jury Instructions, § 3.18.
NOTES
[1] The criminal instruction in the appendix will appear on the Court's website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instruction as it appears on the website and the published version of the instruction. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.