# Supreme Court of Florida

_____

No. SC14-1308
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2014-05.**

[February 5, 2015]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee filed its report in this case, proposing amendments to the

following standard criminal jury instructions: 1.6 (Note-Taking by Jurors); 2.5

(Conviction of Certain Crimes as Impeachment); 2.8 (Jury to be Guided by Official

English Translation/Interpretation, Preliminary Instructions); 2.13 (Questions by

Jurors); 2.14 (Pro Se Defendant); 8.10 (Assault on Law Enforcement Officer,

Firefighter, Etc.); 8.11 (Battery on Law Enforcement Officer, Firefighter, Etc.);

8.12 (Aggravated Assault on Law Enforcement Officer, Firefighter, Etc.); and 8.13

(Aggravated Battery on Law Enforcement Officer, Firefighter, Etc.). The Committee also proposed the following new jury instructions: 2.1(d) (Insanity—Psychotropic Medication); and 29.16(a) (Unlawful Protests). The Committee published its proposals in The Florida Bar News. Two comments were received by the Committee. The Committee altered its proposal to instruction 2.14 based on one of the comments but did not alter its proposal to instruction 1.6. The Court did not publish the proposals after they were filed.

Having considered the Committee's report and the comments submitted to the Committee, we amend the standard jury instructions as proposed by the Committee, with one modification discussed below, and authorize them for publication and use.

Some of the more significant changes to the standard jury instructions are as follows.

Instruction 1.6 (Note-Taking by Jurors) is renumbered to instruction 2.1(a) in order that it falls into the category of "Instructions During Trial" rather than the instructions under category 1 of "Instructions Before the Trial."

New instruction 2.1(d) (Insanity—Psychotropic Medication) fills a gap, as it will be given during the trial, and is identical to instruction 3.6(c) (Insanity—Psychotropic Medication), which is given in the final charge to the jury.

Instruction 2.8 (Jury to be Guided by Official English Translation/ Interpretation, Preliminary Instructions), is renumbered to instruction 2.1(b), while instruction number 2.8 is "reserved."

Instruction 2.13 (Questions by Jurors) is renumbered to instruction 2.1(c), while instruction number 2.13 is "reserved."

Instruction 2.14 (Pro Se Defendant) is renumbered to instruction 1.6, because the instruction should be given prior to jury selection, and thus not included in the category of "Instructions During the Trial."[1]

The new and amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[2] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization

---

1. The Committee had proposed renumbering instruction 2.14 to 1.2; however, number 1.2 is designated "Jury Selection" and is reserved. Instruction numbers 1.3 (Challenges to Jurors), 1.4 (Statement of the Charge), and 1.5 (Questioning in Capital Cases) are also reserved.

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Bart Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 1.62.1(a)  NOTE-TAKING BY JURORS

**If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you individually.**

**You will be provided with a note pad and a pen for use if you wish to take notes. Any notes that you take will be for your personal use. However, you should not take them with you from the courtroom. During recesses, the [bailiff] [court deputy] will take possession of your notes and will return them to you when we reconvene. After you have completed your deliberations, the [bailiff] [court deputy] will deliver your notes to me. They will be destroyed. No one will ever read your notes.**

**If you take notes, do not get so involved in note-taking that you become distracted from the proceedings. Your notes should be used only as aids to your memory.**

**Whether or not you take notes, you should rely on your memory of the evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than each juror's memory of the evidence.**

### NOTE ON USE

The court should furnish all jurors with the necessary pads and pens for taking notes. Additionally, it may be desirable for jurors to be furnished with envelopes to place the notes in for additional privacy.

### Comment

This instruction was adopted in 2007 [SC05-1091][967 So. 2d 178] and was amended in 2015.

## 2.1(d)  INSANITY — PSYCHOTROPIC MEDICATION

*Give, if requested by defendant, at the beginning of trial and in the charge to the jury.*

(Defendant) **currently is being administered psychotropic medication under medical supervision for a mental or emotional condition.**

**Psychotropic medication is any drug or compound affecting the mind or behavior, intellectual functions, perception, moods, or emotion and includes anti-psychotic, anti-depressant, anti-manic, and anti-anxiety drugs.**

## Comment

This instruction was adopted in 2015.

## 2.5  CONVICTION OF CERTAIN CRIMES AS IMPEACHMENT
§§ 90.107, 90.610(1), Fla._Stat.

*To be given at the time the evidence is admitted, if requested.*
**The evidence that you are about to receive that** [(witness)] [(defendant)] **has been convicted of** ~~(crime)~~a crime **should be considered by you only in weighing the credibility of** [(witness's)] [(defendant's)] **testimony and not for any other purpose.**

## Comment

This instruction was adopted in 1995 [657 So. 2d 1152] and amended in 2015.

## ~~2.8~~2.1(b)  JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

## PRELIMINARY INSTRUCTIONS

[(Language used)] **may be used during this trial.**

**The evidence you are to consider is only that provided through the official court [interpreters] [translators]. Although some of you may know** [(language used)]**, it is important that all jurors consider the same evidence. Therefore, you must accept the English [interpretation] [translation]. You must disregard any different meaning.**

- 6 -

**If, however, during the testimony there is a question as to the accuracy of the English interpretation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the interpretation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter and disregard any other contrary interpretation.**

### Comments

This instruction should be given as part of the preliminary instructions to the jury. ~~See~~See *United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998); *United States v. Fuentes-Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995).

This instruction was adopted in 2006 [937 So. 2d 1092] and amended in 2015.

### ~~2.13~~2.1(c)  QUESTIONS BY JURORS

*Note to Judge.*
*To be given if the Judge decides to permit jury questions.*
**During the trial, you will be permitted to ask questions of witnesses in case you missed something, you did not understand something, or you need to clarify a pertinent issue.**

**The rules of evidence apply regardless of whether a question is asked by the attorneys, by me or by you. Therefore, there may be a legal reason why I will not ask your question. If I do not ask your question, you must not hold that against any of the parties, you must not discuss it with the other jurors, and please do not take it personally.**

**Subject to that understanding, this is how we will proceed:** *(Two possible procedures are outlined below.  Give only one.  The second alternative is designed to ensure anonymity).*

1. **When the attorneys have finished asking their questions, please raise your hand to get my attention.  I will give you**

**time to write your question[s] on a clean piece of paper and give the paper to the [bailiff] [court deputy]. I will then confer privately with the attorneys. If I ask your question[s], the witness will answer and the attorneys may follow up if they choose. The questioning of witnesses is the primary responsibility of the attorneys. If your question[s] is [are] not asked, you must not discuss it with other jurors or hold it against either party. You are not obligated to ask any questions, but if it will help your understanding of the case, you may do so.**

2.      **When the attorneys have finished asking their questions, I will ask each of you to write something down on a clean piece of paper. If you do not have a question, please write – "no questions." If you have [a] question[s], please write the question[s] on the paper. Please do not put your name on the paper because I do not want anyone to know which juror is submitting a question. Please then fold the paper in half and give it to the ~~[court deputy]~~ [bailiff] [court deputy]. I will then confer privately with the attorneys. If I ask the question[s], the witness will answer and the attorneys may follow up if they choose. The questioning of witnesses is the primary responsibility of the attorneys. If your question[s] is [are] not asked, you must not discuss it with other jurors or hold it against either party. You are not obligated to ask any questions, but if it will help your understanding of the case, you may do so.**

**Comment**

This instruction was adopted in 2007 [967 So. 2d 178] and amended in 2012 [87 So. 3d 679] and 2015.

### 2.14~~1.6~~ PRO SE DEFENDANT

(Defendant) **has the right to be represented by an attorney <u>or to represent [himself] [herself]</u> in this trial, as do all criminal defendants in this country. [He] [She] has ~~decided instead to~~ exercise<u>d</u> [his] [her] constitutional**

- 8 -

**right to act as [his] [her] own attorney** ~~in this case. You should not allow that~~<u>This</u> **decision** ~~to~~<u>should not</u> **affect your** ~~verdict~~<u>consideration of this case</u>**.**

**Comment**

This instruction was adopted in 2013 <u>[131 So. 3d 720]</u> and 2015.

**8.10  ASSAULT ON LAW ENFORCEMENT
OFFICER, FIREFIGHTER, ETC.**
§ 784.07(2)(a), Fla. Stat.

**To prove the crime of Assault on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer** ~~e~~**<u>E</u>mployed by the Board of Trustees of a Community College]** ~~[Federal Law Enforcement Officer]~~**<u>[Law Enforcement Explorer] [Non-sworn Law Enforcement Agency Employee Certified as an Agency Inspector] [Blood Alcohol Analyst] [Breath Test Operator] [Railroad Special Officer] [Licensed Security Officer]</u>, the State must prove the following six elements beyond a reasonable doubt:**

1. (Defendant) **intentionally and unlawfully threatened, either by word or act, to do violence to** (victim)**.**

2. **At the time,** (defendant) **appeared to have the ability to carry out the threat.**

3. **The act of** (defendant) **created in the mind of** (victim) **a well-founded fear that the violence was about to take place.**

4. (Victim) **was at the time a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college]** ~~[federal law enforcement officer]~~**<u>[law enforcement explorer] [non-sworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [breath test operator while such employee</u>**

- 9 -

**was in uniform and engaged in processing, testing, evaluating, analyzing, or transporting a person who was detained or under arrest for DUI] [railroad special officer] [licensed security officer who wore a uniform that bore at least one patch or emblem that was visible at all times that clearly identified the employing agency and that clearly identified the person as a licensed security officer].**

5.  (Defendant) **knew** (victim) **was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college]** ~~[federal law enforcement officer]~~**[law enforcement explorer] [non-sworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [breath test operator] [railroad special officer] [licensed security officer].**

6.  **At the time of the assault,** (victim) **was engaged in the lawful performance of [his] [her] duties.**

For cases where the alleged victim is a law enforcement officer, do not refer to the victim by name when instructing on the sentence below. Instead, the instruction must state the class of officers to which the victim belongs, e.g., deputy sheriff, probation officer, correctional officer. See *Wright v. State*, 586 So. 2d 1024 (Fla. 1991).

**The court now instructs you that a** (name of official position of victim designated in charge) **is a** ~~[law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].~~

*In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla. 1991).*

For cases involving other types of victims, insert definitions from § 784.07(1)(a), Fla. Stat., as appropriate.

Give if applicable. McClain v. State, 383 So. 2d 1146 (Fla. 4th DCA 1980); Smithson v. State, 689 So. 2d 1226 (Fla. 5th DCA 1997); Gilbert v. State, 347 So. 2d 1087 (Fla. 3d DCA 1977).

**If the circumstances were such as to ordinarily induce a well-founded fear in the mind of a reasonable person, then the victim may be found to have been in fear, and actual fear on the part of the actual victim need not be shown.**

**Lesser Included Offenses**

| ASSAULT ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC. — 784.07(2)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Assault | | 784.011 | 8.1 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

~~Several statutes have been added in recent years providing for reclassification of assaults and batteries on designated classes: '' 784.074, 784.075, 784.076, 784.078, 784.081, 784.082, 784.083, and 784.085.~~

See *Spurgeon v. State*, 114 So. 3d 1042 (Fla. 5th DCA 2013)(holding that a conviction for a violation of § 784.07(2), Florida Statutes, had to be vacated because the statute does not include physicians, employees, agents, or volunteers of facilities that do not satisfy the definition of a hospital under chapter 395).

This instruction was adopted in 1981 [431 So. 2d 594] and amended in 1992 [603 So. 2d 1175], 1995 [657 So. 2d 1152], ~~and~~ 2007 [962 So. 2d 310], ~~and~~ 2008 [994 So. 2d 1038], and 2015.

## 8.11 BATTERY ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.
### § 784.07(2)(b), Fla. Stat.

To prove the crime of Battery on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College] [Federal Law Enforcement Officer][Law Enforcement Explorer] [Non-sworn Law Enforcement Agency Employee Certified as an Agency Inspector] [Blood Alcohol Analyst] [Breath Test Operator] [Railroad Special Officer] [Licensed Security Officer], the State must prove the following four elements beyond a reasonable doubt:

1.      (Defendant) **intentionally**

   **[touched or struck** (victim) **against [his] [her] will].**
   **[caused bodily harm to** (victim)**].**

2.      (Victim) **was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer][law enforcement explorer] [non-sworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [breath test operator while such employee was in uniform and engaged in processing, testing, evaluating, analyzing, or transporting a person who was detained or under arrest for DUI] [railroad special officer] [licensed security officer who wore a uniform that bore at least one patch or emblem that was visible at all times that clearly identified the employing agency and that clearly identified the person as a licensed security officer].**

3.      (Defendant) **knew** (victim) **was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist]**

**[security officer employed by the board of trustees of a community college] [federal law enforcement officer][law enforcement explorer] [non-sworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [breath test operator] [railroad special officer] [licensed security officer].**

**4.** (Victim) **was engaged in the lawful performance of [his] [her] duties when the battery was committed.**

*For cases where the alleged victim is a law enforcement officer, do not refer to the victim by name when instructing on the sentence below. Instead, the instruction must state the class of officers to which the victim belongs, e.g., deputy sheriff, probation officer, correctional officer. See Wright v. State, 586 So. 2d 1024 (Fla. 1991).*

**The court now instructs you that a** (name of official position of victim designated in charge) **is a** [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer]**.**

*In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla. 1991).*

For cases involving other types of victims, insert definitions from § 784.07(1)(a), Fla. Stat., as appropriate.

## Lesser Included Offenses

| BATTERY ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC. — 784.07(2)(b) | | | |
| --- | --- | --- | --- |
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Battery | | 784.03 | 8.3 |
| | Attempt | 777.04(1) | 5.1 |

## Comments

See *Spurgeon v. State*, 114 So. 3d 1042 (Fla. 5th DCA 2013) (holding that a conviction for a violation of § 784.07(2), Florida Statutes, had to be vacated

- 13 -

because the statute does not include physicians, employees, agents, or volunteers of facilities that do not satisfy the definition of a hospital under chapter 395).

This instruction was adopted in 1981 [431 So. 2d 594] and amended in 1992 [603 So. 2d 1175], 1995 [657 So. 2d 1152], and 2007 [962 So. 2d 310], and 2008 [994 So. 2d 1038], and 2015.


## 8.12 AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.
§ 784.07(2)(c), Fla. Stat.

**To prove the crime of Aggravated Assault on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College] [Federal Law Enforcement Officer][Law Enforcement Explorer] [Non-sworn Law Enforcement Agency Employee Certified as an Agency Inspector] [Blood Alcohol Analyst] [Breath Test Operator] [Railroad Special Officer] [Licensed Security Officer], the State must prove the following seven elements beyond a reasonable doubt. The first three elements define assault.**

1. (Defendant) **intentionally and unlawfully threatened, either by word or act, to do violence to** (victim)**.**

2. **At the time,** (defendant) **appeared to have the ability to carry out the threat.**

3. **The act of** (defendant) **created in the mind of** (victim) **a well-founded fear that the violence was about to take place.**

*Give 4a or 4b as applicable. If 4b is alleged, give the elements of the felony charged.*
4. a. **The assault was made with a deadly weapon.**

   b. **The assault was made with a fully-formed, conscious intent to commit** (felony charged) **upon** (victim)**.**

- 14 -

5. ((Victim)) **was at the time a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college]** ~~[federal law enforcement officer]~~**[law enforcement explorer] [non-sworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [breath test operator while such employee was in uniform and engaged in processing, testing, evaluating, analyzing, or transporting a person who was detained or under arrest for DUI] [railroad special officer] [licensed security officer who wore a uniform that bore at least one patch or emblem that was visible at all times that clearly identified the employing agency and that clearly identified the person as a licensed security officer]**~~.~~**.**

6. (Defendant) **knew** (victim) **was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college]** ~~[federal law enforcement officer]~~**[law enforcement explorer] [non-sworn law enforcement agency employee who was certified as an agency inspector] [blood alcohol analyst] [breath test operator] [railroad special officer] [licensed security officer].**

7 **At the time of the assault,** (victim) **was engaged in the lawful performance of [his] [her] duties.**

For cases where the alleged victim is a law enforcement officer, do not refer to the victim by name when instructing on the sentence below. Instead, the instruction must state the class of officers to which the victim belongs, e.g., deputy sheriff, probation officer, correctional officer. See *Wright v. State*, 586 So. 2d 1024 (Fla. 1991).

**The court now instructs you that a** (name of official position of victim designated in charge~~)~~) **is a** ~~[law enforcement officer]~~ ~~[firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction~~

- 15 -

~~enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer]~~**.**

*~~In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer.  See Wright v. State, 586 So. 2d 1024 (Fla. 1991).~~*

For cases involving other types of victims, insert definitions from § 784.07(1)(a), Fla. Stat., as appropriate.

*Give if applicable. McClain ~~v~~. State, 383 So. 2d 1146 (Fla. 4~~th~~th DCA 1980); Smithson v. State, 689 So. 2d 1226 (Fla. 5~~th~~th DCA 1997); Gilbert v. State, 347 So. 2d 1087 (Fla. 3~~d~~d DCA 1977).*
**If the circumstances were such as to ordinarily induce a well-founded fear in the mind of a reasonable person, then the victim may be found to have been in fear, and actual fear on the part of the actual victim need not be shown.**

*~~Definition.~~  Give if* element *4a alleged.*
**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

*Give if* element *4a alleged.*
**It is not necessary for the State to prove that the defendant had an intent to kill.**

**Lesser Included Offenses**

| AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER, ETC. — 784.07(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT** | **INS. NO.** |
| Aggravated assault | | 784.021 | 8.2 |
| Assault on law enforcement officer | | 784.07(2)(a) | 8.10 |
| Improper exhibition of a dangerous weapon or firearm, if Fla. Stat. | | 790.10 | 10.5 |

| 784.021(1)(a) is charged | | | |
|---|---|---|---|
| Assault | | 784.011 | 8.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Discharging firearms in public | 790.15 | 10.6 |

## Comments

See *Spurgeon v. State*, 114 So. 3d 1042 (Fla. 5th DCA 2013)(holding that a conviction for a violation of § 784.07(2), Florida Statutes, had to be vacated because the statute does not include physicians, employees, agents, or volunteers of facilities that do not satisfy the definition of a hospital under chapter 395).

This instruction was approved in 1992 [603 So. 2d 1175], and amended in 1995 [657 So. 2d 1152], 2007 [962 So. 2d 310], 2008 [994 So. 2d 1038], and 2013 [131 So. 3d 755] and 2015.

## 8.13  AGGRAVATED BATTERY ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.
§ 784.07(2)(d), Fla. Stat.

**To prove the crime of Aggravated Battery on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College] [Federal Law Enforcement Officer][Law Enforcement Explorer] [Non-sworn Law Enforcement Agency Employee Certified as an Agency Inspector] [Blood Alcohol Analyst] [Breath Test Operator] [Railroad Special Officer] [Licensed Security Officer], the State must prove the following five elements beyond a reasonable doubt. The first element is a definition of battery.**

1.    (Defendant)

      [**intentionally touched or struck (victim) against [his] [her] will**]<u>.</u>
      [**intentionally caused bodily harm to (victim)**].

*Give 2a <u>and/or</u> 2b as applicable.*
2.    (Defendant)**, in committing the battery,**

      a.    **intentionally or knowingly caused**

            [**great bodily harm to** (victim<u>)</u>]<u>.</u>
            [**permanent disability to** (victim)]<u>.</u>
            [**permanent disfigurement to** (victim)]<u>.</u>

      b.    **used a deadly weapon.**

3.    (Victim) **was a [law enforcement officer] [firefighter]
      [emergency medical care provider] [traffic accident
      investigation officer] [traffic infraction enforcement officer]
      [parking enforcement specialist] [security officer employed
      by the board of trustees of a community college]** [~~federal
      law enforcement officer~~]**[law enforcement explorer] [non-
      sworn law enforcement agency employee who was certified
      as an agency inspector] [blood alcohol analyst] [breath test
      operator while such employee was in uniform and engaged
      in processing, testing, evaluating, analyzing, or transporting
      a person who was detained or under arrest for DUI]
      [licensed security officer who wore a uniform that bore at
      least one patch or emblem that was visible at all times that
      clearly identified the employing agency and that clearly
      identified the person as a licensed security officer] [railroad
      special officer].**

4.    (Defendant) **knew** (victim) **was a [law enforcement officer]
      [firefighter] [emergency medical care provider] [traffic
      accident investigation officer] [traffic infraction
      enforcement officer] [parking enforcement specialist]
      [security officer employed by the board of trustees of a
      community college]** [~~federal law enforcement officer~~]**[law
      enforcement explorer] [non-sworn law enforcement agency
      employee who was certified as an agency inspector] [blood**

- 18 -

**alcohol analyst] [breath test operator] [railroad special officer] [licensed security officer].**

**5.** (Victim) **was engaged in the lawful performance of [his] [her] duties when the battery was committed against [him] [her].**

*For cases where the alleged victim is a law enforcement officer, do not refer to the victim by name when instructing on the sentence below. Instead, the instruction must state the class of officers to which the victim belongs, e.g., deputy sheriff, probation officer, correctional officer. See Wright v. State, 586 So. 2d 1024 (Fla. 1991).*

**The court now instructs you that a** (name of official position of victim designated in charge) **is a** ~~[law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer]~~**.**

~~In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla. 1991).~~

*For cases involving other types of victims, insert definitions from § 784.07(1)(a), Fla. Stat., as appropriate.*

~~*Definition.*~~ *Give if* element 2b alleged.
**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

**Lesser Included Offenses**

| AGGRAVATED BATTERY ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC. — 784.07(2)(d) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT | INS. NO. |
| Aggravated battery | | 784.045 | 8.4 |
| Felony battery* | | 784.041 | 8.5 |
| Battery on a law enforcement officer | | 784.07(2)(b) | 8.11 |
| Battery | | 784.03 | 8.3 |
| | Attempt | 777.04(1) | 5.1 |

- 19 -

| | Improper exhibition of ~~dangerous weapons or firearms~~ | ~~790.10~~ | ~~10.5~~ |
|---|---|---|---|
| | ~~Discharging firearms in public~~ | ~~790.15~~ | ~~10.6~~ |

## Comments

*The lesser included offense of Felony Battery is only applicable if element 2a is charged and proved.

See *Spurgeon v. State*, 114 So. 3d 1042 (Fla. 5th DCA 2013)(holding that a conviction for a violation of § 784.07(2), Florida Statutes, had to be vacated because the statute does not include physicians, employees, agents, or volunteers of facilities that do not satisfy the definition of a hospital under chapter 395).

This instruction was adopted in 1992 [603 So. 2d 1175] and was amended in 1995 [657 So. 2d 1152], ~~and~~ 2007 [962 So. 2d 310], ~~and~~ 2008 [994 So. 2d 1038], and 2015.

## 29.16(a)  UNLAWFUL PROTESTS
§ 871.015, Fla. Stat.

**To prove the crime of Unlawful Protests, the State must prove the following two elements beyond a reasonable doubt:**

**1.      (Defendant) [knowingly engaged in protest activities] [or] [knowingly caused protest activities to occur] within 500 feet of the property line of a [residence] [cemetery] [funeral home] [house of worship] [or] [other location].**

Give 2a if the defendant personally did the protest activities.
**2.      a.      (Defendant) knew that [his] [her] protest activities occurred [during] [or] [within one hour before or one hour after] the conducting of a funeral or burial at that location.**

Give 2b if the defendant caused the protest activities to occur.

**b.    (Defendant) knew that the protest activities would occur [during] [or] [within one hour before or one hour after] the conducting of a funeral or burial at that location and the protest activities did take place [during] [or] [within one hour before or one hour after] the conducting of a funeral or burial at that location.**

Give if applicable. § 871.015, Fla. Stat., is unclear whether the provision below is an element of the crime or an affirmative defense. In the absence of case law, judges must determine this issue. If an affirmative defense, judges must also determine who has the burden of persuasion and the standard of proof for that burden of persuasion. See Dixon v. United States, 548 U.S. 1 (2006), for further guidance.

**It is not a crime for a person to [knowingly engage in] [or] [knowingly cause] protest activities that occur adjacent to that portion of a funeral procession which extends beyond 500 feet of the property line of the location of a funeral or burial.**

Definitions. §§ 871.015 (1), 316.1974 (1), Fla. Stat.

**"Funeral or burial" means a service or ceremony offered or provided in connection with the final disposition, memorialization, interment, entombment, or inurnment of human remains or cremated human remains.**

**"Protest activities" means any actions, including picketing, which are undertaken with the intent to interrupt or disturb a funeral or burial.**

Give if applicable.

**"Funeral procession" means two or more vehicles accompanying the body of a deceased person, or traveling to the church, chapel, or other location at which the funeral service is to be held, in the daylight hours, including a funeral lead vehicle or a funeral escort vehicle.**

## Lesser Included Offenses

| UNLAWFUL PROTESTS — 871.015 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comment

This instruction was adopted in 2015.