ON MOTION FOR REHEARING

GRIFFIN, Judge.
Appellee has filed a motion for rehearing. We grant the motion, withdraw the prior opinion and substitute the following opinion in its stead.
The State of Florida appeals an order granting a Florida Rule of Criminal Procedure 3.140(b) motion to dismiss an information. We reverse.
Mark Paul Granner [“defendant”] was charged by information with battery on a law enforcement officer.[1] The information alleged that on December 13, 1993, defendant:
did, in violation of Florida Statutes 784.03 and 784.07(2)(b), knowingly commit a battery upon JOY A. MORELLY, a law enforcement officer for Orange County Corrections and, in furtherance thereof, did actually and intentionally touch or strike JOY A. MORELLY against the will of JOY A. MORELLY, while JOY A. MOR-ELLY was engaged in the lawful performance of a duty.
Defendant filed a pre-trial motion to dismiss the information, alleging that the information was defective in that it failed to allege that defendant knew that Morelly was a law enforcement officer. The court heard the motion immediately prior to trial and dismissed the information without prejudice to the state’s right to amend. See Fla. R.Crim.P. 3.140(j). The state declined to amend the information and filed a motion for rehearing. After a hearing, the court denied the motion.
The issue on appeal is whether the information in this case sufficiently alleges the offense of battery on a law enforcement officer. The offense is set forth in sections 784.03 and 784.07(2)(b), as follows:
784.03 Battery.
(1) A person commits battery if he:
(a) Actually and intentionally touches or strikes another person against the will of the other; or
(b) Intentionally causes bodily harm to an individual.
(2) Whoever commits battery shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
784.07 Assault or battery of law enforcement officers, firefighters or intake officers; reclassification of offenses.
[[Image here]]
(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer ... while the officer ... is engaged in the lawful performance of his duties, the offense for which the person is charged shall be reclassified as follows:
[[Image here]]
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
As the statutes indicate, the elements of the offense of battery on a law enforcement officer are that: (1) the defendant intentionally touched or struck the victim or intentionally caused bodily harm to the victim; (2) the victim was a law enforcement officer; (3) the defendant knew that the victim was a law enforcement officer; and (4) the law enforcement officer was engaged in the lawful performance of his or her duties when the battery was committed. Fla.Std.Jury Instr. 784.07(2)(b) (Crim.); Street v. State, 383 So.2d 900 (Fla.1980).
The parties in this case agree that an information must allege every essential element of a crime and that no essential ele *91 ment can be left to inference. State v. Dye, 346 So.2d 538 (Fla.1977); State v. Wimberly, 459 So.2d 456 (Fla. 5th DCA 1984). Their dispute concerns whether the information in this ease sufficiently alleges that defendant knew that Morelly was a law enforcement officer.[2] We agree with the state that the information sufficiently tracks the statutory language and adequately charges the offense of battery on a law enforcement officer.
REVERSED and REMANDED.
W. SHARP, J., and ORFINGER, M., Senior Judge, concur.

. §§ 784.03, -,07(2)(b), Fla.Stat. (1991).

. We cannot credit appellee’s contention that there is a meaningful difference between “Joy A. Morelly, a law enforcement officer ...” and “a law enforcement officer, Joy A. Morelly....”