ORFINGER, C.J.
 

 Heriberto Vila was convicted of burglary of a conveyance and battery. He appeals only his conviction of battery, contending that he was entitled to a jury instruction regarding the justifiable use of non-deadly force. We conclude that Vila was entitled to the requested instruction, but that the failure to provide it was harmless error. As a result, we affirm the conviction and sentence.
 

 The day before the incident, a thief stole tire rims from one of Vila’s friends. The next day the victim, an “elderly gentleman,” was driving in Vila’s neighborhood collecting usable items left curbside discarded as trash. Vila saw the victim, who coincidentally drove a truck similar to the rim thief s, and assumed that he was the rim thief. Vila, using his car to block the victim’s truck from leaving the neighborhood, approached the truck while yelling at the victim, and accused him of stealing the rims.
 

 The victim testified that Vila opened the door to his truck, reached inside, pulled him out, threw him to the ground, and began hitting him with a bicycle tire. Vila, on the other hand, testified that he did not enter the truck, and, instead, that the victim got out of the truck, and “armed” himself with a bicycle rim. According to Vila, in fear of being struck by the victim, he retrieved an object from a nearby yard to defend himself. When asked if he hit the victim, Vila stated, “When he hit me first, then I hit him. He hit me first and he fell and so I hit him.”
 

 Vila requested a jury instruction of justifiable use of non-deadly force regarding the battery charge. The trial court denied his request, saying, “there is no self-defense when you create the situation.” After Vila was convicted of the burglary of a conveyance and battery, this appeal followed.
 

 
 *1112
 
 Generally, a trial court’s decision to give or withhold a proposed jury instruction is reviewed for an abuse of discretion.
 
 Davis v. State,
 
 922 So.2d 488, 444 (Fla. 5th DCA 2006);
 
 Worley v. State,
 
 848 So.2d 491, 491 (Fla. 5th DCA 2003). However, in a criminal proceeding, the trial court’s discretion is narrower because a criminal defendant is entitled to have the jury instructed on his or her theory of defense if there is any evidence to support the theory and the theory is recognized as valid under Florida law.
 
 Cruz v. State,
 
 971 So.2d 178, 181-82 (Fla. 5th DCA 2007). In determining whether to give a requested instruction, the trial court should consider the evidence presented without weighing the evidence, as the latter is a task for the jury.
 
 Rockerman v. State,
 
 773 So.2d 602, 603 (Fla. 1st DCA 2000). “The question of self-defense is one of fact, and is one for the jury to decide where the facts are disputed.”
 
 Dias v. State,
 
 812 So.2d 487, 491 (Fla. 4th DCA 2002) (citing
 
 Scholl v. State,
 
 94 Fla. 1138, 115 So. 43, 44 (1927)).
 

 Vila argues that because he presented some evidence that he was defending himself from the victim’s attack, the trial court erred in denying his requested jury instruction based on section 776.012, Florida Statutes (2010), which provides, in part:
 

 A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other’s imminent use of unlawful force....
 

 According to Vila’s testimony, the victim attacked him first, and he responded in order to defend himself against that attack. The State contends that Vila was not entitled to the instruction because the evidence that he presented was minimal and self-serving. This argument lacks merit as a defendant is entitled to a self-defense instruction if there is any evidence to support his defense.
 
 Wright v. State,
 
 705 So.2d 102, 104 (Fla. 4th DCA 1998) (holding that defendant is entitled to jury instruction on his theory of case if there is any evidence to support it, no matter how flimsy that evidence might be);
 
 Taylor v. State,
 
 410 So.2d 1358, 1359 (Fla. 1st DCA 1982) (holding defendant entitled to requested self-defense instruction no matter “how weak or improbable his testimony may have been with respect to the circumstances” leading to commission of offense).
 
 [1]
 

 However, self-defense is statutorily unavailable to a person who:
 

 (1) Is attempting to commit, committing, or escaping after the commission of, a forcible felony; or
 

 (2) Initially provokes the use of force against himself or herself,
 

 § 776.041(1) & (2), Fla. Stat. (2010). Though not clear, it appears that the trial court concluded that the self-defense instruction was unavailable to Vila based upon one or both of these statutory exceptions. That was error, as it is within the province of the jury to make the determination as to whether the defendant surren
 
 *1113
 
 dered his right to self-defense pursuant to section 776.041.
 
 See generally Redding v. State,
 
 41 So.3d 353, 354 (Fla. 2d DCA 2010);
 
 Cancel v. State,
 
 985 So.2d 1127, 1129-30 (Fla. 5th DCA 2008);
 
 Bates v. State,
 
 883 So.2d 907, 908 (Fla. 2d DCA 2004). If evidence exists that raises self-defense as an issue, the proper approach is to offer the self-defense instruction with the forcible felony or initial provocation exceptions.
 
 See generally Cancel,
 
 985 So.2d at 1127.
 

 Nonetheless, we conclude the error was harmless. The jury found Vila guilty of burglary of a conveyance. Given the evidence presented, the jury necessarily credited the victim’s testimony that Vila reached into the truck and pulled him out. That being the case, Vila either committed a forcible felony or initially provoked the use of force against himself, either situation precluding a claim of self-defense.
 

 The harmless error analysis is applicable to jury instructions.
 
 Ashland Oil, Inc. v. Pickard,
 
 269 So.2d 714 (Fla. 3d DCA 1972). The jury’s unchallenged verdict on the burglary charge causes us to conclude that Vila was the initial aggressor and surrendered his right to self-defense. It has long been held that the refusal to give a proper instruction that would have not aided a party is harmless error.
 
 First Nat’l Bank v. Roberts,
 
 92 Fla. 18, 109 So. 635 (1926);
 
 Pennington v. State,
 
 91 Fla. 446, 107 So. 331 (1926);
 
 May v. Seymour,
 
 17 Fla. 725 (1880). As a result, we affirm.
 
 See Driggers v. State,
 
 90 Fla. 324, 105 So. 841 (1925) (holding refusal of requested instructions does not require reversal where defendant not prejudiced).
 

 AFFIRMED.
 

 GRIFFIN and PALMER, JJ., concur.
 

 [1]
 

 . When there is no evidence that a defendant acted in self-defense or when the justification defense is inconsistent with other asserted defenses, a defendant is not entitled to a self-defense instruction.
 
 See Keyes v. State,
 
 804 So.2d 373, 375 (Fla. 4th DCA 2001) ("As a general rule, a defendant's contention that his injury of another was an accident bars an instruction on self[-]defense or defense of another.”);
 
 Roberts v. State,
 
 753 So.2d 136, 137 (Fla. 2d DCA 2000) (affirming denial of instruction where defendant failed to present any evidence to support self-defense);
 
 Moyer v. State,
 
 558 So.2d 1045 (Fla. 5th DCA 1990) (affirming denial of justification jury instruction because it was inconsistent with alibi defense). None of those circumstances are present here.