BERGER, J.
Jay William Spurgeon appeals his conviction for battery on an emergency medical care provider.[1] He raises five issues on appeal, two of which merit discussion. First, Spurgeon challenges the denial of his motion for judgment of acquittal. He next argues the trial court erred when it failed to provide the jury with an instruction on self-defense. Because we agree with Spurgeon that the State failed to prove the victim was an “emergency medical care provider” pursuant to section 784.07(l)(a), Florida Statutes, it was error for the trial court to deny the motion for judgment of acquittal. Additionally, while we find the State offered proof sufficient to sustain a conviction for battery, because the record reflects there was some evidence presented to warrant an instruction on self-defense and the trial court failed to give it, we are compelled to reverse and remand for new trial.
Spurgeon was charged with battery on an emergency medical care provider for spitting in the face of hospital security officer, Carlena DenDekker (DenDekker).[2] At the time of the offense, Spurgeon was a patient in the emergency department at South Seminole Hospital, unable to leave because of a medical hold.[3] Due to his intoxication and aggressive behavior, Spur-geon was restrained by security personnel on two separate occasions. Initially, he was cooperative and offered no resistance. He calmed down after receiving an injection and the restraints were removed.
Sometime after the initial restraints were removed, Spurgeon attempted to leave the hospital. When the nursing staff tried to stop him, Spurgeon became verbally abusive and physically aggressive. As a result, DenDekker and four other security officers were again called to assist. This time, Spurgeon did not consent to being restrained. It was during this second attempt to restrain him that Spurgeon spat on DenDekker after she grabbed him, carried him to the bed, and held his shoulders down. He was subsequently arrested.
Spurgeon was tried before a jury. At the close of the State’s case, defense counsel moved for judgment of acquittal, arguing that the State failed to prove DenDekker satisfied the definition of “emergency medical care provider” as provided in section 784.07(l)(a), Florida Statutes. Section 784.07(l)(a) defines an “emergency medical care provider” as:
[A]n ambulance driver, emergency medical technician, paramedic, registered nurse, physician as defined in s. 401.23, medical director as defined in s. 401.23, or any person authorized by an emergency medical service licensed under chapter 401 who is engaged in the performance of his or her duties.” The term ‘emergency medical care provider’ also includes physicians, employees, agents, or volunteers of hospitals as defined in chapter 395, who are employed, under contract, or otherwise authorized by a hospital to perform duties directly associated with the care and treatment rendered by the hospital’s emergency department or the security thereof.
§ 784.07(l)(a), Fla. Stat.
Spurgeon contends the statute requires the State to prove that South Seminole *1045 Hospital met the definition of hospital under chapter 395, and that it failed to do so. The State argued that it was not required to prove South Seminole Hospital was a hospital stating, “[T]he definition is — in that section is designed to inform the participants as to what type of people that we’re talking about. It’s not something that is an element of the offense.” The trial court agreed and denied the motion for judgment of acquittal.
Thereafter, Spurgeon moved to dismiss the charges under the “Stand Your Ground” statute.[4] Spurgeon asserted the State presented no evidence that would permit private security officers to restrain him against his will and maintained that because the security officers were unlawfully restraining him, his actions in resisting them were lawful self-defense and he was immune from prosecution. The court denied the Defendant’s motion after the State countered that the security officers were lawfully restraining Spurgeon because of the medical hold. In denying the motion, the trial court determined that Spurgeon’s claim presented a jury question, but nevertheless failed to instruct the jury on his theory of self defense. Spur-geon was ultimately convicted, adjudicated guilty of battery on an emergency medical care provider, and placed on two years probation. This appeal followed.
We begin our discussion with the trial court’s denial of the motion for judgment of acquittal based on Spurgeon’s argument that the State failed to prove Den-Dekker satisfied the definition of an “emergency medical care provider” because no evidence was presented that South Seminole Hospital satisfied the definition of “hospital” as that term is defined in chapter 395. Spurgeon argues the trial court incorrectly interpreted section 784.07(l)(a), Florida Statutes, and thereby erred when it denied his motion for judgment of acquittal.
The trial court denied Spurgeon’s motion for judgment of acquittal based on its interpretation of section 784.07(l)(a), Florida Statutes. We review the court’s interpretation of a statute de novo. Kephart v. Hadi, 932 So.2d 1086, 1089 (Fla.2006) (“The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review.”). In denying Spurgeon’s motion, the court reasoned:
This Court’s reading of section 784.07(l)(a) is that when it says the term emergency medical care provider it also includes physicians, employees, agents or volunteers of hospitals as defined in Chapter 395. Doesn’t mean hospital as defined in 395, it means—
[[Image here]]
... those type of individuals who may be employed as defined in 395.
The court went on to say:
[M]y interpretation is ... that the statute 784.07(l)(a) does not require the hospital be defined as in 395, but that the physicians, employees, agents or volunteers of hospitals are as defined in 395 and it goes on to say who are employed under contract or otherwise authorized by a hospital to perform duties directly associated which include security.
Words in a penal statute must be strictly construed. See McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998). Furthermore, “[i]t is a settled rule of statutory construction that unambiguous language is not subject to judicial construction.” State v. Jett, 626 So.2d 691, 693 (Fla.1993). Here, the court’s construction of section 784.07(1)(a), that the statute *1046 “does not require the hospital be defined as in 395, but that the physicians, employees, agents or volunteers of hospitals are as defined in 395,” is problematic. Since “hospital” is the only term defined in chapter 395, the appropriate construction of section 784.07(l)(a) is that the term “emergency medical care provider” only covers physicians, employees, agents, or volunteers of a hospital as a hospital is defined in chapter 395.
Just as “physician” and “medical director” are specifically defined under section 784.07(l)(a), “hospital” is defined by chapter 395. Section 784.07(l)(a) states:
The term “emergency medical care provider” also includes physicians, employees, agents, or volunteers of hospitals as defined in chapter 395, who are employed, under contract, or otherwise authorized by a hospital to perform duties directly associated with the care and treatment rendered by the hospital’s emergency department or the security thereof.
§ 784.07(l)(a) (emphasis added). Because the plain language of the statute adopts the definition of hospital under chapter 395, the term “emergency medical care provider” only includes physicians, employees, agents, or volunteers of hospitals as hospitals are defined in chapter 395. It does not include physicians, employees, agents, or volunteers of facilities that do not satisfy the definition of hospital under chapter 395. Accordingly, the State was required to prove that DenDekker was an employee or agent of a hospital as defined in section 395.002(12), who was employed, under contract, or otherwise authorized by such hospital to perform duties directly associated with the security of the hospital’s emergency department.
Under chapter 395, “hospital” means an establishment that:
(a) Offers services more intensive than those required for room, board, personal services, and general nursing care, and offers facilities and beds for use beyond 24 hours by individuals requiring diagnosis, treatment, or care for illness, injury, deformity, infirmity, abnormality, disease, or pregnancy; and (b) Regularly makes available at least clinical laboratory services, diagnostic X-ray services, and treatment facilities for surgery or obstetrical care, or other definitive medical treatment of similar extent ....
§ 395.002(12), Fla. Stat. While the State established that DenDekker was an employee or agent of South Seminole Hospital, that DenDekker was wearing a security uniform that had a badge and shield on it, that DenDekker was authorized by South Seminole Hospital to provide security to its facility, and that DenDekker was performing her duties when she was attempting to place the restraints on Spur-geon in the emergency department, the State failed to introduce legally sufficient evidence to show that DenDekker was an employee or agent of a hospital, as a hospital is defined in chapter 395. By asking a few simple questions about the nature and scope of services offered by South Seminole Hospital, it is probable that the State could have established this burden. However, having failed to do so, the court erred in denying Spurgeon’s motion for judgment of acquittal on the charge of battery on an emergency medical care provider.[5]
*1047 We now turn to Spurgeon’s argument that the trial court erred when it denied his request for a jury instruction on the justifiable use of non-deadly force.[6] In his motion to dismiss, Spurgeon argued that since the State failed to introduce evidence that would permit a security officer for a private company to hold a person at a hospital against his will, he was exercising lawful self-defense when the security officers tied him down with four point restraints and placed a hood on him. The court denied the motion stating succinctly: “And that’s a jury question so your motion is overruled or denied.” We find no error in the denial of Spurgeon’s motion to dismiss. However, the same cannot be said for the court’s denial of the requested jury instruction.
A trial court’s decision to give or withhold a proposed jury instruction is generally reviewed for an abuse of discretion. Vila v. State, 74 So.3d 1110, 1112 (Fla. 5th DCA 2011). However, the trial court’s discretion is more restricted in criminal proceedings “because a criminal defendant is entitled to have the jury instructed on his or her theory of defense if there is any evidence to support the theory and the theory is recognized as valid under Florida law.” Id. The trial court should not weigh the evidence when determining whether to give the requested instruction. Id.; see also Pope v. State, 458 So.2d 327, 329 (Fla. 1st DCA 1984) (stating that “[i]t is axiomatic that a defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence to support such an instruction, and the trial court may not weigh the evidence in determining whether the instruction is appropriate”) (citing Smith v. State, 424 So.2d 726, 732 (Fla.1982)). The jury — not the trial judge— decides the weight of the evidence. Vila, 74 So.3d at 1112. “The question of self-defense is one of fact, and is one for the jury to decide where the facts are disputed.” Id. Additionally, a defendant is not required to testify at trial to receive a jury instruction on self-defense. Sipple, 972 So.2d at 915. A defendant’s statements admitted into evidence at trial may be sufficient evidence for a self-defense instruction. Id. The cross-examination of State witnesses can also support a claim of self-defense. Id. at 916. Finally, if a jury can reasonably infer from circumstantial evidence presented at trial that the defendant had the state of mind necessary for self-defense, then the defendant is entitled to a jury instruction on self-defense. Johnson v. State, 634 So.2d 1144, 1145 (Fla. 4th DCA 1994).
Here, the trial court’s determination that Spurgeon presented a jury question on the issue of self-defense belies its conclusion that no evidence was presented to support his request for a self-defense instruction. The record reflects Spurgeon was not under arrest at the time he was restrained and that he had repeatedly expressed a desire to leave the hospital. Indeed, testimony revealed much of Spur-geon’s agitation was due to him wanting to leave the hospital and being prevented from doing so. He spat on DenDekker only after she placed her hands on him without his consent and physically restrained him. This evidence was sufficient to warrant an instruction on self-defense and failing to give it was reversible error.[7] *1048 E.g., Parker v. State, 908 So.2d 1099, 1099 (Fla. 1st DCA 2005) (reversing conviction for resisting an officer with violence to his person and holding that the court erred in denying the request for a jury instruction on self-defense that would have informed the jury that it is lawful to resist deadly force with non-deadly force); Langston v. State, 789 So.2d 1024, 1025 (Fla. 1st DCA 2001)(reversing conviction for resisting arrest with violence where the trial court refused to give requested instruction on the lawful use of force to defend against an officer’s use of unlawful or excessive force while making an arrest when some evidence supported the instruction); Holley v. State, 423 So.2d 562, 564 (Fla. 1st DCA 1982) (reversing conviction for battery on a law enforcement officer and holding that the court erred in denying the defendant’s request for a self-defense instruction when evidence in the record supported the self-defense theory).
Accordingly, we reverse the judgment and sentence for battery on an emergency medical care provider and remand for new trial on the charge of battery.
REVERSED AND REMANDED FOR NEW TRIAL.
ORFINGER, C.J. and PALMER, J., concur.

. See §§ 784.03, 784.07(l)(a), and 784.07(2)(b), Fla. Stat. (2011).

. DenDekker is employed by Orlando Health Systems, which owns South Seminole Hospital.

.The record reflects Spurgeon voluntarily sought treatment at South Seminole Hospital. However, no evidence was introduced to establish the nature of the medical hold.

. § 776.032, Fla. Stat.

. We find there was sufficient evidence presented at trial to survive a motion for judgment of acquittal on the lesser included offense of battery pursuant to section 784.03(1), Florida Statutes.

. See § 776.012, Fla. Stat. (stating that "[a] person is justified in the use of force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against such other's imminent use of unlawful force”).

. After taking away Spurgeon’s most viable affirmative defense-self-defense-the trial court *1048 compounded the error by giving the State’s requested special jury instruction titled "Involuntary Medical Examination,” pursuant to section 401.445, Florida Statutes. We decline to address the validity of giving this instruction because Spurgeon did not argue it was error on appeal. However, we note that if DenDekker was not acting in the lawful performance of her duties either because section 401.445 was inapplicable or because she used unreasonable force against Spurgeon while restraining him, the court should have granted Spurgeon’s requested instruction on the justifiable use of non-deadly force. Failing to do so effectively negated Spurgeon’s theory of self-defense.