PER CURIAM.
In this direct appeal, appellant Sheena Latson raises six claims of ineffective assistance of counsel. Because appellant’s claims are not apparent on the face of the record, they must be addressed by motion for post-conviction relief. See Beazley v. State, 148 So.3d 552, 554 (Fla. 1st DCA 2014) (“Generally, a claim of ineffective assistance of counsel may not be raised on direct appeal.”); see also Aversano v. State, 966 So.2d 493, 494-95 (Fla. 4th DCA 2007) (“With rare exceptions, ineffective assistance of counsel. claims should be raised in a motion for post-conviction relief because they are generally fact-specific.”); Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002) (stating that an ineffective assistance of t counsel claim may be considered on direct appeal “when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation of the conduct is inconceivable”).
■ Appellant also alleges the order of probation incorrectly indicates that she entered a plea of nolo contendere rather than showing she was found, guilty after a jury trial. Because Appellant did not raise this claim to the trial court either by objection at sentencing or by motion to correct sentencing error- pursuant to Florida Rule of Criminal Procedure 3.800(b), she is not entitled to relief. See Thomas v. State, 763 So.2d 316, 316 n. 1 (Fla.2000) (refusing to correct an unpreserved scrivener’s error where neither the defendant nor the State sought to correct it by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)); Perkins v. State, 53 So.3d 1141 (Fla. 2d DCA 2011) (refusing to address scrivener’s error in the written judgments and sentences “because it was not preserved either before this appeal by objection in the trial court or. while this appeal was pending by the filing of a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2)”); Johnson v. State, 954 So.2d 702, 702-03 (Fla. 1st DCA 2007) (refusing to’correct failure to'check “concurrent” on written sentence, A scrivener’s error, “because the issue was not preserved for appeal by the filing of a timely motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)”); Proctor v. State, 901 So.2d 994, 995 (Fla. 1st DCA 2005) (refusing to correct scrivener’s errors in written judgment because “absent the trial court’s ruling on a rule 3.800(b)(2) motion, these errors were not preserved”).
AFFIRMED.
RAY and OSTERHAUS, JJ., concur; WINOKUR, J., concurs with opinion.