[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15445

_____

D.C. Docket No. 6:15-cv-00145-CEM-GJK

LEROY BERRY,

Plaintiff - Appellee,

versus

JAMIE McGOWAN,

Defendant - Appellant,

JACK PARKER, et al.,

Defendants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(July 25, 2018)

Before JORDAN, ROSENBAUM and DUBINA, Circuit Judges.

PER CURIAM:

Defendants/Appellants, Deputy Jamie McGowan ("Deputy McGowan") and Sheriff Wayne Ivey ("Sheriff Ivey") appeal the district court's order denying their motion for summary judgment on qualified immunity grounds on Leroy Berry's ("Berry") constitutional claim of false arrest under the Fourth Amendment and state law against Deputy McGowan, and his claim against Sheriff Ivey for vicarious liability for the Florida tort of false arrest.[1]

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that because genuine issues of material fact remain with respect to Berry's claims against Deputy McGowan for false arrest, in violation of the Fourth Amendment and state law, and Berry's claims against Sheriff Ivey for vicarious liability for the Florida tort of false arrest, we affirm the district court's order denying the defendants' motion for summary judgment.

---

[1] Berry filed a cross-appeal arguing that the district court erred in granting summary judgment to the defendants on his other claims against Deputy McGowan for the use of excessive force in violation of his Fourth Amendment rights and for state law battery, and against Sheriff Ivey for municipal liability for the failure to train officers to recognize properly the existence of probable cause.  However, we conclude that this court does not have jurisdiction to entertain the cross-appeal.  *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51, 115 S. Ct. 1203, 1212 (1995) (plaintiff cannot challenge the grant of summary judgment to the defendant via a cross-appeal; there is no "pendent party" appellate jurisdiction).  Furthermore, the issues in the cross-appeal are not the same as those in the direct appeal, and the legal issues involved are altogether different; i.e., the issues and facts are not "inextricably intertwined" such that the court should exercise pendent appellate jurisdiction.  *See Leslie v. Hancock Cnty. Bd. of Educ.*, 720 F.3d 1338, 1344–45 (11th Cir. 2013) (the exercise of pendent appellate jurisdiction is discretionary and is limited to questions that are inextricably interwoven with an issue that is properly before the court).

# I.    BACKGROUND

The facts are taken verbatim from the district court's order filed on August 10, 2016.

On December 22, 2010, [Berry] was driving home from work when he saw a large group blocking the road.  He noticed two of his young cousins, Melvena Espanosa and Alantra McDaniel, were in the group, so he stopped to find out what was happening.  [Berry] learned that Ms. McDaniel had been in a fight with two older females, and Ms. Espanosa had called the police to seek assistance in breaking up the fight.  Deputy McGowan was the first officer to respond to the call, which he was informed was for a fight in progress.  When he arrived, a large crowd was still in the area.  He parked his police vehicle and walked toward the group.

Although the other females involved in the fight had already begun to retreat from the area, they were still within a few blocks of Ms. McDaniel, who remained visibly upset.  [Berry] was standing with Ms. McDaniel and attempting to calm her down.  Nevertheless, Ms. McDaniel began to make an effort to run toward the retreating females.  [Berry] wrapped his arms around her to prevent her from leaving the area to reinitiate the fight.  Deputy McGowan approached Ms. McDaniel and grabbed her arm to escort her away from the situation.

According to [Berry] and several witnesses, [Berry] immediately released Ms. McDaniel to Deputy McGowan's custody when Deputy McGowan grabbed her arm, and he did not touch Deputy McGowan.  Deputy McGowan and Deputy DeWind, who arrived at or near the time that [Berry] and Deputy McGowan were standing with Ms. McDaniel, claim that [Berry] was not holding Ms. McDaniel when Deputy McGowan approached.  Rather, they contend that Deputy McGowan chased Ms. McDaniel down and took her by the arm to lead her away from possible further involvement in the fight and that [Berry] grabbed Deputy McGowan's arm in an attempt to force him to let go of Ms. McDaniel.  Deputy McGowan claims

3

that as a result, he received a minor scratch to his forearm.  Finally, at least one witness describes the encounter as a two or three second[s] "tug of war" between [Berry] and Deputy McGowan but maintains that [Berry] did not touch the Deputy.  It is undisputed, however, that Deputy McGowan ultimately got control of Ms. McDaniel and walked her away from [Berry].

Deputy DeWind escorted [Berry] to his patrol car, and Deputy McGowan informed [Berry] that he was under arrest for battery on a law enforcement officer for allegedly grabbing the Deputy's arm.  Deputy McGowan placed [Berry] in handcuffs and put him in the back of the police cruiser to be transported to the jail.  Deputy McGowan claims that [Berry] refused verbal commands and attempted to pull his arms apart in an effort to avoid being handcuffed.  [Berry] was subsequently transferred to the Brevard County jail, where he remained for several hours until he was able to post bail.

In March 2011, [Berry] was tried before a jury for the crime of battery on a law enforcement officer.  The jury returned a verdict of not guilty and a judgment of acquittal on those charges was entered in favor of [Berry].

*Berry v. McGowan*, No. 6:15-cv-145-Orl-41GJK, 2016 WL 4212068, at *1–2

(M.D. Fla. Aug. 10, 2016) (citations omitted)).

After his acquittal, Berry filed the present case against Deputy McGowan

and Sheriff Ivey, who both moved for summary judgment on the basis of qualified

immunity.  On August 10, 2016, the district court entered an order granting in part

defendants' motion for summary judgment, finding, in relevant part, that when

taking the disputed facts in the light most favorable to Berry, there was no probable

cause or arguable probable cause warranting his arrest.  Therefore, the district

4

court concluded that Berry's federal and state false arrest claims against Deputy

McGowan, as well as his state false arrest claim against Sheriff Ivey on the basis of

vicarious liability, could proceed.  Deputy McGowan and Sheriff Ivey now appeal

the district court's order.

## II.    ISSUES

(1) Whether the district court properly denied summary judgment based

on qualified immunity to Deputy McGowan on Berry's false arrest

claim under the Fourth Amendment and denied him statutory

immunity on Berry's state law false arrest claim.

(2) Whether the district court properly denied summary judgment to

Sheriff Ivey on Berry's state law false arrest claim.

## III.  STANDARD OF REVIEW

This court reviews de novo a district court's summary judgment order based

on qualified immunity.  *Whittier v. Kobayashi*, 581 F.3d 1304, 1307 (11th Cir.

2009).

## IV.  DISCUSSION

A. Deputy McGowan

Deputy McGowan appeals the district court's denial of qualified immunity

and summary judgment on Berry's claim of false arrest in violation of the Fourth

Amendment.  Under the Fourth Amendment, "an arrest is a seizure of the person, and the 'reasonableness' of an arrest is, in turn, determined by the presence or absence of probable cause for the arrest." *Bates v. Harvey*, 518 F.3d 1233, 1239 (11th Cir. 2008) (quoting *Skop v. City of Atlanta*, 485 F.3d 1130, 1137 (11th Cir. 2007)).  A law enforcement officer has probable cause to arrest when the facts and circumstances of which he is aware are "sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *United States v. Floyd*, 281 F.3d 1346, 1348 (11th Cir. 2002).  Probable cause is assessed based on the totality of the circumstances. *Skop*, 485 F.3d at 1137.  "Whether an arresting officer possesses probable cause or arguable probable cause naturally depends on the elements of the alleged crime." *Id.*

Qualified immunity protects "government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1193-94 (11th Cir. 2002)).  To be entitled to qualified immunity, the officer "must first establish that he was acting within the scope of his discretionary authority when the allegedly wrongful act" occurred.  *Id.* (quoting *Lee*, 284 F.3d at 1194).  Once an officer satisfies this requirement, the burden

6

shifts to the plaintiff to demonstrate that the grant of qualified immunity is inappropriate. *Id.* The plaintiff satisfies this burden by showing that under the plaintiff's version of the facts, the officer's conduct violated a constitutional right and that the right was clearly established. *Perez v. Suszczynski*, 809 F.3d 1213, 1218 (11th Cir. 2016).

In this interlocutory appeal, we accept the district court's facts, which are taken in the light most favorable to Berry.[2] We consider only the core legal question of qualified immunity. *See Bates*, 518 F.3d at 1239. As noted by the district court, there are genuine issues of fact whether Deputy McGowan had arguable probable cause to arrest Berry for the offense of battery of a police officer. Under Florida Statutes § 784.07, "the elements of the offense of battery on a law enforcement officer are that: (1) the defendant intentionally touched or struck the victim or intentionally caused bodily harm to the victim; (2) the victim was a law enforcement officer; (3) the defendant knew that the victim was a law enforcement officer; and (4) the law enforcement officer was engaged in the lawful performance of his or her duties when the battery was committed." *State v. Granner*, 661 So. 2d 89, 90 (Fla. Dist. Ct. App. 1995). All elements here are

---

[2] *See Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir. 1996) ("In exercising our interlocutory review jurisdiction in qualified immunity cases, we are not required to make our own determination of the facts for summary judgment purposes; we have discretion to accept the district court's findings, if they are adequate.").

satisfied except for whether there was arguable probable cause or probable cause for Deputy McGowan to believe that Berry intentionally touched him. Although Deputy McGowan and Deputy DeWind claim that Berry grabbed Deputy McGowan, Berry and several other witnesses claim that Berry did not touch the officer. Crediting Berry's version of the facts as true, as the district court correctly did and we must do, Officer McGowan did not have arguable probable cause to arrest Berry for battery on a law enforcement officer. Thus, he was not entitled to qualified immunity on this claim.

Deputy McGowan also asserts that even if he lacked arguable probable cause to arrest Berry for battery on a law enforcement officer, he had probable cause to arrest him for resisting an officer without violence, in violation of Florida Statutes § 843.02. To establish a violation of this statute, an officer must show that he was engaged in the lawful execution of the legal duty, and that the suspect's actions constituted obstruction or resistance of that lawful duty. *Crapps v. Florida*, 155 So. 3d 1242, 1246–47 (Fla. Dist. Ct. App. 2015). Deputy McGowan contends that Berry violated this statute because he did not immediately release Ms. McDaniel when Deputy McGowan attempted to extract her from Berry's hold to discuss the situation. Even though Berry was not charged with this offense, the court must consider whether probable cause existed for the officer to arrest Berry

8

for any crime; if probable cause existed, the arrest is constitutionally valid. *See Lee*, 284 F.3d at 1195–96 (noting that "the validity of an arrest does not turn on the offense announced by the officer at the time of the arrest" (quoting *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1119 n.4 (11th Cir. 1992) (alterations omitted))).  However, contrary to Deputy McGowan's assertions, there are genuine issues of material fact existing in the record whether he had arguable probable cause or probable cause to arrest Berry for the offense of resisting an officer without violence.  As stated above, Berry testified that he never touched Deputy McGowan, and several witnesses testified that Berry immediately released Ms. McDaniel to Deputy McGowan when he realized that the officer was trying to take control of her. Thus, there are unresolved factual questions whether Deputy McGowan had arguable probable cause or probable cause to arrest Berry for this offense as well.  Accordingly, we conclude that Deputy McGowan is not entitled to qualified immunity under this scenario either.

Finally, Deputy McGowan contends the district court improperly denied his motion for summary judgment on statutory immunity grounds on Berry's state law claim for false arrest.  Because we conclude from the record that there are genuine issues of material fact under the Fourth Amendment analysis that preclude the grant of qualified immunity to Deputy McGowan, there are also factual issues that

9

preclude the grant of statutory immunity to Deputy McGowan. *See Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (stating that probable cause is an absolute bar to both state and federal claims alleging false arrest; thus, the inverse is true). Accordingly, at this stage of the proceedings, we affirm the district court's disposition of this claim in denying Deputy McGowan's motion for summary judgment.

　　B. Sheriff Ivey

　　Sheriff Ivey appeals the district court's order denying him summary judgment on Berry's claim of false arrest in violation of state law. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1119 n.12 (11th Cir. 2005) (holding that a sheriff may be held vicariously liable for the negligent actions of his deputies under Florida law). Florida law recognizes vicarious liability for false arrest by a law enforcement officer; however, Sheriff Ivey cannot be held liable for the acts or omissions of Deputy McGowan that were committed in bad faith or with malicious purpose. *See* Fla. Stat. § 768.28(9)(a). Berry alleges that Sheriff Ivey should be held vicariously liable for Deputy McGowan's false arrest because Deputy McGowan acted in bad faith or with a malicious motive. Under Florida law, the question of whether a deputy acted in bad faith, maliciously, or with wanton and willful disregard for the rights of an arrestee is a

10

question of fact for the jury. *See McGhee v. Volusia Cnty.*, 679 So. 2d 729, 733 (Fla. 1996). Thus, Sheriff Ivey's liability depends on whether a jury finds that Deputy McGowan falsely arrested Berry in bad faith or with a malicious motive. Because the record demonstrates that genuine issues of material fact exist on this question, we agree with the district court's conclusion that Sheriff Ivey is not entitled to immunity at the summary-judgment stage.

In conclusion, we hold that the district court properly denied summary judgment to Deputy McGowan and Sheriff Ivey on Berry's Fourth Amendment claim and his state law false arrest claim. Accordingly, we affirm the district court's order.

AFFIRMED.