DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES W. RANDOLPH, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-3089

[April 8, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence Michael Mirman, Judge; L.T. Case No. 562021CF000803AXXXXX.

Daniel Eisinger, Public Defender, and Alan Terry Lipson, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Paul Patti, III, Senior Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Charles W. Randolph, Jr. appeals his convictions for discharging a firearm on residential property, trafficking in phenethylamines, and possession of a firearm by a felon. Randolph raises two issues on appeal: (1) his conviction by a six-member jury and (2) the sufficiency of the evidence supporting his conviction for discharging a firearm in public, specifically arguing the State failed to prove that he had a mental state of recklessness or negligence. We affirm on the first issue pursuant to *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. denied*, No. SC2022-1597, 2023 WL 3830251 (Fla. June 6, 2023), *cert. denied*, 144 S. Ct. 2595 (2024). As to the second issue, we affirm on preservation grounds because Randolph's sufficiency argument does not qualify for fundamental error review.

**Background and Analysis**

The State alleged that, following a deal to sell a firearm and illegal drugs to a confidential informant, Randolph fired a gun three times into the

ground. He was charged and convicted for violating section 790.15(1), Florida Statutes (2020). That statute provides: "[A]ny person who . . . recklessly or negligently discharges a firearm outdoors on any property used primarily as the site of a dwelling . . . or zoned exclusively for residential use commits a misdemeanor of the first degree." § 790.15(1), Fla. Stat. (2020). On appeal, Randolph makes a sufficiency-of-the-evidence argument, claiming the gunshots were neither "reckless" nor "negligent."

To preserve a sufficiency-of-the-evidence issue for appellate review, a defendant is required, in moving for judgment of acquittal at trial, to identify the element(s) of the charged offense for which he contends the evidence is lacking. *Rodriguez v. State*, 335 So. 3d 168, 172 (Fla. 3d DCA 2021), *rev. denied*, No. SC2021-1740, 2022 WL 1041273 (Fla. Apr. 7, 2022). *See also Klein v. Est. of Klein*, 295 So. 3d 793, 799 (Fla. 4th DCA 2020).

In his *ore tenus* motion to the trial court for judgment of acquittal, Randolph argued only that the evidence did not establish his *possession* of the firearm. Randolph did not challenge the sufficiency of the evidence to prove his negligence or his recklessness while handling the firearm. Because Randolph failed to challenge the sufficiency of the evidence of his mental state below, this issue is not preserved for appellate review.

Ordinarily, we could still review an unpreserved issue for fundamental error. *See Bless v. State*, 398 So. 3d 453, 457 (Fla. 4th DCA 2024). However, the Florida Supreme Court has held that unpreserved challenges to the sufficiency of the evidence of *one element* of a crime may only be reviewed for fundamental error in non-death-penalty cases when insufficient evidence exists to prove that a defendant committed *any* crime through the acts in question. *See Monroe v. State*, 191 So. 3d 395, 401–02 (Fla. 2016); *Twigg v. State*, 254 So. 3d 464, 468–69 (Fla. 4th DCA 2018); *Bagnara v. State*, 189 So. 3d 167, 171 (Fla. 4th DCA 2016).

Here, Randolph challenges the sufficiency of the evidence to prove only *an element* of the underlying offense: his negligent or reckless mental state. Randolph was also convicted for possession of a firearm by a felon. That offense is also tied to his use of the firearm to shoot at the ground. Randolph does not challenge the sufficiency of the evidence to sustain the felon-in-possession conviction on appeal. Because the State presented enough evidence for the jury to find (and indeed, the jury did find) that Randolph had committed another crime by firing (and thus possessing)

the gun, fundamental error review is not available with respect to a sufficiency of the evidence challenge to the section 790.15 conviction.[1]

Therefore, the trial court's final judgment is affirmed.

*Affirmed.*

KLINGENSMITH and SHEPHERD, JJ., concur.

*       *       *

**_Not final until disposition of timely-filed motion for rehearing._**

---

[1] We take no position on the merits of Randolph's section 790.15 challenge.